**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

State of Arizona,
        Plaintiff,

vs.

Neale E. Smith,
        Defendant.

CV 05-626 TUC-DCB

CR 05-518498 Consolidated Justice Courts-Pima County

**ORDER**

On October 24, 2005, Plaintiff Smith filed a Notice of Removal. He seeks to remove a pending justice court action from Pima County Justice Court to this Court under 28 U.S.C. § 1443, which provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The Supreme Court has interpreted removal under § 1443 restrictively. Georgia v. Rachel, 384 U.S. 780, 788-792 (1966); Greenwood v. Peacock, 384 U.S. 808, 824-827 (1966). All petitioners for removal must satisfy two criteria:

> 1. Petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.

    2.  Petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) (citing Georgia, 384 U.S. at 788-792, 794-804; Greenwood, 384 U.S. 824-828), cert. denied, 402 U.S. 909 (1971); see also, Randolph v. Superior Court of California, 1997 WL 305274 (N.D. Cal. 1997).

    Plaintiff's claims do not satisfy the first prong of the test because they do not relate to any statutes explicitly protecting equal racial civil rights.  The second prong of the test, generally, requires a state law or constitutional provision that denies the defendant an opportunity to raise a federal right.  Johnson v. Mississippi, 421 U.S. 213, 220 (1975).  Plaintiff does not point to any state law that supports the inference that his rights will not be heard fully and fairly. Consequently, Plaintiff's petition does not allege any ground to support a jurisdictional basis for removal of his state criminal action.  Enforcement of constitutional provisions and rules of general applicability is not a sufficient basis for removal under 28 U.S.C. § 1443.  Randolph, 1997 WL 305274 at *1.   Plaintiff's case must be dismissed for lack of subject matter jurisdiction and remanded to the state justice court.

    On October 25, 2005, Plaintiff filed a request that this Court be removed as the Judge on this case.  Plaintiff's request for recusal of this Court was captioned: "§ 5151.Affidavit of Bias or Prejudice."  He asks this Court to recuse itself for bias or prejudice because this Court dismissed a prior case filed by the Plaintiff without granting Plaintiff an adversarial hearing. Plaintiff argues, therefore, this Court will not give him a fair hearing. Plaintiff refers to a complaint filed against the University of Arizona and United States Department of Education on August 5, 2002: CV 02-382 TUC DCB.  The Plaintiff sought a temporary restraining order and a preliminary injunction, which were denied.  After the Plaintiff filed multiple interlocutory appeals which stymied resolution of the case, the defendants filed motions to dismiss which were fully briefed and granted by the Court.  Judgment was entered against the Plaintiff on November 26, 2003.

    At the outset, this Court notes that it is the duty of this Court and within its jurisdiction to decide the recusal issue.  United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (the

Ninth Circuit Court of Appeals has "held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance.")

"The standard for recusal under 28 U.S.C. §§ 144, 455 is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Id. at 939. "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." Id. A motion for recusal based entirely on prior adverse rulings is insufficient and will be denied. Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984).

This Court shall not disqualify or recuse itself because its prior adverse ruling is an inadequate basis for recusal.

**Accordingly,**

**IT IS ORDERED** that Plaintiff's request for this Court to recuse itself is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff having filed a Notice of Removal, removing an action from Pima County Justice Court, the action is dismissed for lack of federal jurisdiction and the matter is REMANDED to the Pima County Justice Court in Tucson, Arizona.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order to the Clerk of the Court for the Pima County Justice Court in Tucson, Arizona.

DATED this 14th day of November, 2005.

David C. Bury
United States District Judge

*copy: Clerk, Pima Co. Justice Court/cjs*